UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CELESTIN BENTS,

    Petitioner,

-v-

ERIC H. HOLDER, JR., et al.,

    Respondents.

DECISION AND ORDER
09-CV-0297A

---

Petitioner, Celestin Bents, filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, challenging his continued administrative custody/detention pending removal. (Docket No. 1).[1] Respondents have filed a motion to dismiss the petition as moot inasmuch as the petitioner's removal was effected on or about April 29, 2009, by the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE"). (Docket No. 5, Affidavit of Gail Y. Mitchell, Assistant United States Attorney, Exhibit A). Respondents' counsel has submitted a copy of the Warrant/Removal of Deportation of DHS/ICE verifying the petitioner's removal. (Id.)

Accordingly, in light of the fact that the petitioner's removal has been effected and that the relief requested in the petition has been granted, i.e., release from administrative

---

[1] Because petitioner did not and could not challenge his final order of removal in this Court, a stay of removal was neither requested nor granted. (Docket No. 1, Petition). See, e.g., Sikder v. Gonzalez, No. 05cv01833WYDMJW, 2006 WL 1149153, at *5 (D. Col., April 28, 2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); Morillo v. DHS & Bice Detention Center, No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); Aime v. Department of Homeland Security, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) ... this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.")

detention pending removal, the respondents' motion to dismiss the petition is granted and the petition is dismissed.

SO ORDERED.

Dated:  JULY 13, 2009
Rochester, New York

/s/ Charles Siragusa
CHARLES J. SIRAGUSA
United States District Judge